10-8-2016

VIA CERTIFIED MAIL —

00- 930
00- 1248
01- 1457
10- 512
11- 214

SENIOR JUDGE I. LEO GLASSER

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, NY 11201

Courtroom 8B South,

Chambers Room 921 South

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 20 2016 ★

BROOKLYN OFFICE

RECEIVED

OCT 20 2016

Chambers of
I. Leo Glasser
United States District Judge

Dear Honorable Senior Judge I. Leo Glasser:

At my hearing in February 2016 you concluded your decision with your advice that in the event my circumstances had changed I could request your judicial intervention and a hearing before the bench.

Unfortunately, I must invoke this request and ask that you calendar a hearing as soon as practicable.

The facts underlying my request are as follows: In February 2016 you ruled that my restitution related to my 39 verified victims was approximately 3.6 million and I had paid in about 2.6 million dollars. The government represented that they were not going to make any distributions until they collect the other 96.4 million from my co-defendants and that my 400,000 dollar restitution to the IRS remains unpaid albeit the issuance and then removal of the credit to them. You did rule that I am entitled to some calculation of interest credit as the government has held some of my funds for 15 years and some for 6-8 years as well and that the pro rata benefit from the other co- defendants was fair and I cannot receive a full credit for the other 29 co-defendants payments of 2 million.

More than seven months have passed and the following has occurred:

First I have never received any copies of the verification of my 39 victims, nor have I received any interest credits for monies held by the FLU and Clerk of the Court.

**What has transpired will shock your conscience!**

Post your ruling the IRS moved to collect the restitution by levying my two retirement accounts. Fortunately Harvard Law School and the ABA Taxation Division took my case pro bono and got a stay of execution and the case is now tied up in litigation in the tax court in Cincinnati. We are asking that the NOIL provisions of the tax code be declared violative of the due process clause of the Constitution. My case will ultimately affect over 100,000 additional taxpayers nationwide. I suspect it will go to the Supreme Court.

In June 2016 the DOJ, US Attorney's Office and the FLU requested that I file a financial disclosure document as part of my supervisory release. I disclosed my retirement accounts held at Oppenheimer and Company (value of about 330,000) and the government issued a restraining notice to the broker dealer. The amount still owed is about 1.2 million which makes no sense as I was to be credited interest on my money and other credits. It's as if your words were ignored at the hearing in February 2016.

Furthermore I cannot effectuate any trades in the account. The FLU has blocked all access to my funds.

After spending time researching the matter, there is one case in the 11th Circuit *US v Novack* in which the Appellate Court ruled that the government could attach a retirement account when mandatory distributions are made but remanded to the district court for the mechanics of such an attachment.

The 2nd Circuit is completely quiet on the subject and under the MVRA holds that at sentencing the Judge may include retirement accounts as part of the restitution. At my sentencing my J & C required me to pay 10% of my gross earnings. **You did not attach my retirement accounts at all.**

I am 58 and have almost 12.5 years before I must take a mandatory withdrawl from the accounts. I need to manage my funds and have access to them. I am still unable to find employment but plan on taking my real estate courses and pass my licensing exams in and around January 2017.

I respectfully implore the court to address the following three issues in my case and issue final rulings on these matters:

1. Ordering final disclosure of all documents and a continuing interest calculation for my monies held per your February 2016 rulings.
2. Adjudication of the restraining order and its validity in the 2nd Circuit ( a case of first impression)
3. Finally I have been on supervisory release for 18 months effective November 21st 2016. The operative date represents half of the required time. Under the J&C you have the sole authority to amend my period of release. I have complied with every term and condition without incident and my USPO has no objections to my request to terminate my supervision. I might add that I also make 25.00 dollar monthly payments to the Clerk of the Court even though I am still unemployed. I believe I am the only defendant still paying in and standing up for my mistakes and responsibility to my victims.
At the close of my February hearing, Your Honor stood up and reminded me that I made a terrible choice in 1997 when I violated the law and that this would follow me until resolution Your words always temper my choices each day but its 20 years since this ordeal and I need some finality and fundamental fairness. I have paid a hefty price for my crimes (57 months in prison) and am a different man. **I respectfully ask the court to terminate my supervisory release**. I know what my responsibilities are in this matter and have never waived from paying for my terrible mistakes in life.

Respectfully submitted,

*[signature]*
Alan Berkun